IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

| | |
|---|---|
| Civil Action No: 22-cv-00956-CMA-MDB | Date: December 6, 2022 |
| Courtroom Deputy: E. Lopez Vaughan | FTR: Courtroom 101 |

| *Parties:* | *Counsel:* |
|---|---|
| Kara Seldin-Howell, et al | Jessica Savoie |
| Plaintiff, | |
| v. | |
| CNY Fertility, PLLC, et al | Michael Collins |
| Defendant. | |

## COURTROOM MINUTES

**DISCOVERY CONFERENCE**

**10:07 a.m.     Court in session.**

Court calls case. Appearances of counsel.

Discussion held about the parties' Joint Status Report Regarding Discovery Disputes (ECF No. 33). The Court provides its preliminary views on the parties' discovery disputes. The Court's on-the-record statements are not intended as a ruling, but rather offered to provide the parties with guidance as they continue to confer, and in advance of Defendant's supplemental response, currently scheduled to occur on December 15, 2022.

Specifically, the Court notes that:

- Interrogatories 2 and 9 appear to be appropriate requests that do not implicate privilege or other protections.
- Interrogatories 6 and 8 appear to concern information that is more suitable for expert reports and expert testimony.
- RFP 1 appears to be an appropriate request and calls for more than what Defendant has purportedly provided to date.
- RFP 2 also appears to be an appropriate request, though some responsive information could be privileged or otherwise protected. The Court notes that if it were called upon to

    rule on burden, it is unlikely to rule that 10 hours of review is burdensome under the circumstances.
- RFP 3 also appears to be appropriate, but the Court is concerned about the privacy interests. The Court appreciates Plaintiff's proposal, as set forth in Doc. No. 33-1, to narrow the request. The Court urges the parties to work towards a production that balances the relevance of the material, against the privacy interests at issue.

For now, the parties appear to have resolved their differences as it concerns the production of policies and procedures. Defendant represents that it will produce several more policies shortly. The parties also appear to have resolved (or will resolve soon) the issues concerning non-employees and Plaintiff's ability to contact them.

With respect to the embryo-culture dish at issue, the Court notes that to the extent Defendant locates the dish and does not produce it, the Court would be inclined to grant leave for a motion to compel as that item is central to the dispute. Defendant explains his clients have not yet located it but are working on different avenues for finding it.

No party is permitted to file a motion to compel at this time and the parties shall reference this Court's Practice Standards for future disputes.

Hearing concluded.

**10:25 a.m.     Court in recess.**

Total in-court time    00:18

**SUPPLEMENTAL: However, to the extent the parties continue to have disputes over written discovery after December 15, 2022, the parties shall file a Joint Discovery Dispute Report that indicates whether they believe the remaining issues can be resolved via ruling during a discovery conference, or whether certain issues will require formal briefing in the form of a motion to compel.**

*To order transcripts of hearings, please contact Patterson Transcription Company at (303) 755-4536 or AB Court Reporting & Video, Inc. at (303) 629-8534.